CALDWELL
*vs.*
BENEDICT.

---

## *CORMIER vs. LE BLANC.*

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The defendant and appellant claims the reversal of the judgment, which is for $600, claimed from him as a surety for a third person, or on a promise of his, the defendant, to pay the note of that third person. His counsel shows, that there is not on the record any evidence of the contract on which the plaintiff sues, except that which results from the testimony of *one* witness, unattended with any corroborating circumstance. He has relied on the *Civil Code,* 2257.

The appellee's counsel has built all his hopes of success, on an allegation, that the claim of the plaintiff rests on a promissory note, which is evidence of a commercial con-

The corroborating circumstance which the code requires, in addition to the testimony of one witness, cannot be drawn from his testimony.

CORMIER
*vs.*
LE BLANC.

tract and the presence of a very corroborating circumstance.

Bijotat a debtor of] the plaintiff, being about to depart from the state, the latter conceived himself entitled to demand from him, security for the ' payment of a note not yet payable, and as stated in the petition, the defendant promised to pay the note. Now, the suretiship which may be required in such a case, is not necessarily a commercial transaction; and we think the first ground of defence fails.

The second ground is, that a corroboarting circumstance is presented by the testimony, i. e. that the defendant made a partial payment on the note, by inserting on the back of it a receipt therefore.

The code requires for proof of a contract for the payment of a greater sum than 500 dollars, the testimony of one credible witness, *and other corroborating circumstances.* Now the circumstance relied on, is found in the *testimony* of the single witness. This we think does not suffice; the corroborating circumstances the code requires, are not those stated by the single witness in his testimony; but these that appear *aliunde*.

It is true, the partial payment is stated by

the defendant, in his answer, but he states it to have been made by him, as the agent of the maker of the note, out of moneys of the latter, in his hands; and not in discharge of any obligation of his, the defendant.

We think the district court erred.

It is therefore ordered, adjudged, and decreed, that the judgment be annulled, avoided and reversed, and that there be judgment as in case of a non-suit, with costs in both courts.

*Seghers* for plaintiff, *Moreau & Soule* for defendant.